## (February 25, 1975)

■ In the Matter of the Arbitration between WHITE ROSE TEA, INC., Appellant, and CHARLES MEYER et al., Respondents.— Order and judgment (one paper), Supreme Court, New York County, entered September 12, 1974, which denied an application for a stay of arbitration, unanimously modified, on the law and the facts, and the matter remanded for consideration of the agreements presented at the oral argument, and otherwise affirmed, without costs and without disbursements. The court at Special Term in this matter, involving successive assignments of interests in a purported secret formula and process in making instant tea, seemingly found an agreement to arbitrate by implication from a provision to that effect in the previous agreements, and accordingly denied an application for a stay. The respondents offer on this appeal agreements which they contend substantiate the determination at Special Term, but which are not part of the record on appeal. While in a narrow area in order to help to speed resolution of arbitrable controversies, and where factual questions are not generated, we might consider such documents, see *Crawford* v. *Merrill, Lynch, Pierce, Fenner & Smith* (35 N Y 2d 291, 299), it would be better in the first instance for the court at Special Term to consider these agreements and their effect on the controversy with respect to whether arbitration is proper in this matter. Concur — McGivern, P. J., Kupferman, Lupiano and Yesawich, JJ.